UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN G. DESKO | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | JURY TRIAL DEMANDED |
| A WHOLLY-OWNED | ) | |
| SUBSIDIARY OF PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Erin G. Desko, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Erin G. Desko, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Law §349 and New York General Business Law §601.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III. PARTIES

4. Plaintiff, Erin G. Desko, (hereafter, Plaintiff) is an adult natural person residing in Binghamton, NY 13901. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (hereafter, Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around 2007, Plaintiff opened an account with Dell.

8. Just over a year later, the Plaintiff decided to close the account, but was informed by Dell that he was required to pay off any outstanding amount before the account could be closed.

9. At that time, Plaintiff had a balance of approximately $2,000.00 and he paid the account off in full in 2008.

10. Plaintiff has heard nothing of this account until October, 2012, when the Defendant started to call and demand payment for an alleged balance of $4,600.00.

11. At that time, the Defendant started to place constant calls to the Plaintiff on his personal cell phone as well as calls to his parents' home despite already knowing Plaintiff's location.

12. Plaintiff's parents were informed by the Defendant during the calls that they were calling pertaining to an outstanding account.

13. Plaintiff does not reside with his parents.

14. Defendant was never given permission to contact the Plaintiff at his parents' home and was told not to call their home again.

15. Defendant has started to call Plaintiff's personal cell phone upwards of three (3) times a day.

16. Plaintiff states that there have been calls that have come in after 9:00pm.

17. In November, 2012, during one call with the Defendant, Plaintiff was threatened with garnishment if he failed to make payment arrangements immediately.

18. During each call, the Plaintiff has tried to explain that he is certain that the debt was paid off in full back in 2008, and that he's heard nothing on this account since that time.

19. Plaintiff has requested validation in writing from the Defendant on multiple occasions, despite telling the Plaintiff that they will send him validation, Plaintiff is yet to receive anything.

20. Despite the Defendant's failure to send validation, their collection efforts have continued.

21. The above referenced account is currently being reported by the Defendant on the Plaintiff's credit as delinquent.

22. The Defendant makes no mention that the Plaintiff is disputing the account.

23. Furthermore, the Defendant reports that a payment of $132.00 was recently made on the account.

24. To date, the Plaintiff has never made a payment to the Defendant, nor has he entered into any type of settlement arrangement with the Defendant.

25. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless instructed to do so |
| §§ 1692c(a)(1): | At any unusual time or place, or unusual time or place known to be inconvenient |
| §§ 1692c(b): | With anyone except consumer or consumer's attorney or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | |
|---|---|
| §§ 1692e(4): | Nonpayment of any debt will result in seizure, garnishment, or attachment |
| §§ 1692e(5): | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(8): | Failure to communicate that the debt is being disputed |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. calls to personal cell phone |
| §§ 1692g(b): | Collector must cease collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

32. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

33. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the

> Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

35. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §610

36. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

37. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

38. GBL §601 provides in relevant part as follows:

    (a) Claim or threaten to enforce a right with knowledge or reason to know that the right does not exist;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

           **Respectfully submitted,**

           **VULLINGS LAW GROUP, LLC**

**Date: December 14, 2012**

           **BY:  /s/  Brent F. Vullings BFV8435**
           Brent F. Vullings, Esquire
           VULLINGS LAW GROUP, LLC
           3953 Ridge Pike
           Suite 102
           Collegeville, PA 19426
           P: 610-489-6060
           F: 610-489-1997
           Attorney for Plaintiff